UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
TRUSTEES OF THE INTERNATIONAL               :
BROTHERHOOD OF ELECTRICAL                   :   CASE NO. 1:10-CV-2197
WORKERS LOCAL NO. 129 PENSION               :
FUND PENSION PLAN                           :
                                            :
         Plaintiffs,                        :
                                            :
    v.                                      :   OPINION & ORDER
                                            :   [Resolving Doc. No. 4]
WILLIAM CRAFTON,                            :
                                            :
         Defendant.                         :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant William Crafton moves the Court to dismiss this employment benefits case under Federal Rule of Civil Procedure 12 for lack of subject matter and personal jurisdiction. [Doc. 4.] Crafton alternatively requests transfer of venue to the District Court for the Middle District of Tennessee. [Doc. 6 at 6.] The Plaintiff opposes. [Doc. 8.] For the following reasons, this Court **GRANTS** the Defendant's motion to dismiss.

### I. Background

The Plaintiff, Trustees of the International Brotherhood of Electrical Workers Local No. 129 Pension Fund Pension Plan ("Pension Plan"), seeks $26,097.40 plus interest that was allegedly mistakenly paid to Crafton as pension benefits for which he was ineligible. The Pension Plan requires participants to complete five years of service to be eligible for pension benefits; the Plaintiff

-1-

Case No. 1:10-CV-2197
Gwin, J.

says Crafton had only worked for four years. The Plaintiff thus alleges that Crafton was not entitled to benefits under the Pension Plan and seeks reimbursement for benefits payments it made to Crafton between November 1995 and December 2009. [Doc. 1.]

Crafton argues that the remedy sought here—repayment of undue pension benefits—is "not an ERISA-sanctioned statutory action, and should be treated as a simple, contractual claim for overpayment" governed by state law. Crafton also argues that the Plaintiffs may not bring this suit in the Northern District of Ohio, because his contacts with the State of Ohio are insufficient for this Court to exercise personal jurisdiction in this case: Crafton says he continuously resided in Tennessee during the period of alleged overpayment and that his application for pension benefits was made through the Plaintiff's Nashville, Tennessee office. [Doc. 4 at 2.] Alternatively, should the Court find subject matter jurisdiction and personal jurisdiction proper here, Crafton requests that this case be transferred to the Middle District of Tennessee. [Doc. 6 at 6.]

In response, the Plaintiff argues that the Employee Retirement Income Security Act ("ERISA") § 502(a)(3), at 29 U.S.C. § 1132, as well as the language of the Pension Plan itself, permits it to bring this claim. [Doc. 8 at 5.] The Plaintiff says that because an ERISA claim may be brought in the district where the benefits plan is administered, this Court has jurisdiction over the instant action. [Doc 8 at 6.] The Plaintiff adds that, alternatively, this Court has personal jurisdiction over Crafton because Ohio's long-arm statute authorizes jurisdiction and Crafton has had sufficient minimum contacts with the State of Ohio. [Doc. 8 at 7.]

**II. Analysis**

In deciding the issue of jurisdiction in the instant action, the Court must first determine

Case No. 1:10-CV-2197
Gwin, J.

whether it has subject matter jurisdiction over the Plaintiff's claims.[1] If the Plaintiff has properly brought this action under ERISA, then the Court may exercise subject matter jurisdiction over the federal question, and ERISA's nationwide service of process provision confers personal jurisdiction over Crafton even if Crafton does not have minimum contacts to Ohio.[2] *See Medical Mut. of Ohio v. deSoto*, 245 F.3d 561, 567-68 (6th Cir. 2001) (Congress conferred nationwide personal jurisdiction under § 1132(e)(2) on the district court where the pension plan is administered.)

ERISA § 502(a)(3)(B) provides that a fiduciary may bring a civil action "to obtain other appropriate equitable relief . . . (ii) to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). In *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), the United States Supreme Court held that a claim for the reimbursement of overpaid funds may, in certain circumstances, qualify as an equitable lien under ERISA and an action for such recovery may be brought under § 502(a)(3)(B). *Id.* at 361-69. The *Sereboff* Court suggested that a repayment claim seeking enforcement of an equitable lien under ERISA must be based on an applicable plan provision that has "specifically identified a particular fund, distinct from [the beneficiary's] general assets . . . and a particular share of that fund to which [the fiduciary] was entitled." *Id.* at 364.

Here, the Plaintiff says the Plan's grant of administrative authority to the Trustees, in addition to the Trustees' fiduciary duty to ensure proper use of the Pension Plan's funds, allows the Plaintiff

---

[1] The Defendant also argues that this Court may not exercise personal jurisdiction over him, for lack of minimum contacts with the State of Ohio. Because this Court must find that it has both subject matter jurisdiction over the claim and personal jurisdiction over the parties, a failure to find either—in this instance, subject matter jurisdiction—is grounds for dismissal.

[2] Crafton's argument that he may not be governed by the terms of the Pension Plan, because he ceased to be a "participant" in the Plan upon his retirement in 1995, is without merit. It is only upon Crafton's retirement that he even began to receive benefits from the Plan. Indeed, as a pension plan, it is only after a participant ceases active employment that he may even begin to receive Plan benefits.

Case No. 1:10-CV-2197
Gwin, J.

to bring an action for overpayment. However, the Trustees can point to no language in the Pension Plan specifically authorizing reimbursement actions. Instead, Article X of the Plan, "Administration of the Plan," designates the Trustees as Fiduciaries under the Pension Plan. Article X also provides, "The Trustees shall make such rules and prescribe such procedures for administration of the Plan as they shall deem necessary and responsible. The decisions of the Trustees in all manners pertaining to the administration of the Plan shall be final." [Doc. 8-3 at 67.] Though these terms of the Plan gives the Trustees final say over administration of the Plan, it does not contain any language authorizing an action to recover overpayment or establishing an express lien against a specifically identified fund. *See Sereboff*, 547 U.S. at 361-69; *see also Gilchrest v. Unum Life Ins. Co. of America*, 255 F. App'x 38, 45-46 (6th Cir. 2007) (language of pension plan satisfied *Sereboff*'s equitable relief requirements because the provisions specifically established a right to reimbursement of overpayments due to receipt of Social Security benefits, from funds distinct from the participant's general assets).

The Trustees point to *Johnson v. Retirement Program Plan*, No. 3:05-cv-588, 2007 WL 649280 (E.D. Tenn. Feb. 27, 2007), to suggest that general provisions granting administrative discretion do, in fact, authorize reimbursement actions under ERISA.[3/] However, in *Johnson*, the parties did not challenge jurisdiction. Instead, they asked the *Johnson* court to evaluate the trustees' prior decision to take monthly deductions from a participants pension benefits as reimbursement for an alleged overpayment. To do so, the *Johnson* court found that the pension plan gave the trustees discretion to construe its terms, and thus that the trustees' prior decisions could be disturbed only

---

[3/]The Trustees also cite cases from several other Circuits, [Doc. 8 at 4-5], none of which apply the *Sereboff* standard to an ERISA subject matter jurisdiction analysis, and most of which were decided prior to *Sereboff*.

-4-

Case No. 1:10-CV-2197
Gwin, J.

if found to be arbitrary and capricious. *Id.* at *2. As the *Johnson* court did not consider subject matter jurisdiction under the *Sereboff* standard, the text of its opinion provides little guidance here.

### III. Conclusion

The Court concludes that the Pension Plan does not authorize reimbursement actions with sufficient specificity to enable a civil action under ERISA § 503(a)(3)(B). Accordingly, because this Court does not have subject matter jurisdiction over the Plaintiff's claims, the Court **GRANTS** Defendant Crafton's motion to dismiss.

IT IS SO ORDERED.


Dated: January 7, 2011                    *s/   James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE