UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 129 PENSION FUND PENSION PLAN : : : : : Plaintiffs, : : v. : : : WILLIAM CRAFTON, : : Defendant. : : | CASE NO. 1:10-CV-2197 OPINION & ORDER [Resolving Doc. No. 15] |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Trustees of the International Brotherhood of Electrical Workers Local No. 129 Pension Fund Pension Plan move this Court to alter or amend its opinion and order granting Defendant William Crafton's motion to dismiss. [Doc. 15.] For the following reasons, the Court **DENIES** the Plaintiffs' motion.

The Trustees argue that they bring action to recover overpayments under ERISA because the Pension Plan requires that it be administered to maintain its qualified status under the Internal Revenue Code. Under their theory; although the Plan does not specifically establish an agreement affording it a right to make recovery, such a right is implicitly incorporated because the Internal Revenue Code allows an employer to take "reasonable steps" to have overpayments and to reduce future payments due an employee. [Doc. 15 at 7-8.] The Trustees also argue that because, in their

-1-

Case No. 1:10-CV-2197
Gwin, J.

opposition to Crafton's motion to dismiss, they only raised the issue of personal jurisdiction and venue, this Court should alter or amend its previous judgment after allowing them to fully address subject matter jurisdiction. [Doc. 15 at 3.]

The Trustees submit their motion under Federal Rule of Civil Procedure 59(e). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 WL 3104760, at \*1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). However, a court may grant a motion to amend or alter judgment (1) to correct a clear error of law, (2) to address newly discovered evidence, (3) to address an interviewing change in controlling law, or (4) to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Under Federal Rule of Civil Procedure 12, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Both federal district and appellate courts, therefore, have an obligation to consider the question of subject matter jurisdiction *sua sponte*, where it has not been raised by the parties or by lower courts. *See Andrus v. Charlestone Stone Products*, 436 U.S. 604, 608 n. 6 (1978). Moreover, the Plaintiffs insisted in their motion to dismiss briefing that they had properly brought the instant suit under ERISA. [Doc. 8] The Trustees thus raised the subject matter jurisdiction issue, even if only to argue that, as a consequence, this Court had personal jurisdiction over Crafton under ERISA's nationwide service of process provision. In support of their argument, the Plaintiffs offered language from the Plan granting administration authority to the Trustees. They also argued that action for reimbursement was authorized pursuant to their duties as fiduciaries. [Doc. 4.]

Case No. 1:10-CV-2197
Gwin, J.

Now the Trustees offer no more specific Plan language to render their action one in equity. That the Plan requires compliance with its own terms to remain qualified, and that a provision of the Internal Revenue Code permits steps to recover overpayment to correct for qualification failures, does not create an equitable lien by agreement. *See, e.g.*, *Longaberger Co v. Kolt*, 586 F.3d 459, 467 (6th Cir. 2009) (Plan contained "clear and unambiguous reimbursement provisions" that created an express lien). Nor does it sufficiently identify "a particular fund, distinct from [Crafton's] general assets, and the portion of that fund to which the Plan is entitled." *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 363 (2006).

Furthermore, the Trustees' motion does not meet the strict standard of Rule 59(e), as it presents no clear error of law, newly discovered evidence, or an intervening change in controlling law. *See Gencorp*, 178 F.3d at 834. And, though the Trustees suggest that denying reconsideration would leave them without recourse to correct for overpayment, *see id.* (reconsideration appropriate to prevent manifest injustice), nothing in this Court's opinion precludes them from seeking legal remedy through state court action.

Accordingly, the Court **DENIES** the Trustees' motion to alter or amend its judgement granting Defendant Crafton's motion to dismiss.

IT IS SO ORDERED.

Dated: January 31, 2011                               s/         *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE